# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF TEXAS

Division:    Dallas
             1100 Commerce Room 1452
             Dallas, TX. 75242-1003


Clerk of Court
Washington Western District Court
700 Stewart Street
Seattle, WA 98101-1271


SUBJECT: 3:08-cv-00260 Keyter v. United States of America

Dear Deputy Clerk:

The above action has been transferred to your court.

Enclosed is a certified copy of the transfer order and docket sheet. You may access electronically filed documents at our DCN CM/ECF web address: https://ecf.txnd.uscourts.gov. A guest login and password may be found on our website at: http://ntnet.txnd.circ5.dcn/pdf/irc/guest_login.pdf.

 Once logged into our CM/ECF database, you can query the case and download or print the PDFs for your court's file. If you find our headers at the top of each document to be a problem, they can be removed by going through Utilities, Maintain Your Account, and turning off the PDF Header before you download or print the documents.

Any documents not available electronically are enclosed in paper format.

Please acknowledge receipt of the certified copy of the transfer order, docket sheet and original documents, if any, by email to the Intake Section of the appropriate division:

        **Assist_Team@txnd.uscourts.gov**

Please reference our case number and brief style in the subject of your email acknowledgment.

                            Sincerely,
                            KAREN MITCHELL
                            Clerk of Court

ECF, PROSE, RAMIREZ, TDIS

# U.S. District Court
## Northern District of Texas (Dallas)
## CIVIL DOCKET FOR CASE #: 3:08-cv-00260
## Internal Use Only

Keyter v. United States of America
Assigned to: Judge Reed C O'Connor
Cause: 28:1331 Federal Question: Other Civil Rights

Date Filed: 02/11/2008
Date Terminated: 04/08/2008
Jury Demand: None
Nature of Suit: 440 Civil Rights: Other
Jurisdiction: Federal Question

**Plaintiff**

**Anthony Keyter**
      represented by  **Anthony Keyter**
6200 Soundview Drive
R201
Gig Harbor, WA 98335
253-853-3859
PRO SE

V.

**Defendant**

**United States of America**

Certified a true copy of an instrument
on file in my office on 4/8/2008
Clerk, U.S. District Court,
Northern District of Texas
By _____ Deputy

| Date Filed | # | Docket Text |
|---|---|---|
| 02/11/2008 | ● | (Court only) ***Magistrate Judge Ramirez chosen by random selection to handle matters that may be referred in this case. CASE REFERRED to Magistrate Judge Irma C Ramirez for screening pursuant to Special Order 3-251. (mfw) (Entered: 02/13/2008) |
| 02/11/2008 | ●1 | COMPLAINT against United States of America filed by Anthony Keyter. (mfw) (Entered: 02/13/2008) |
| 02/11/2008 | ●2 | Order Designating Case for ECF - see order for specifics. (Signed by Judge Reed C O'Connor on 2/11/2008) (mfw) (Entered: 02/13/2008) |
| 02/11/2008 | ●3 | Standing Order for Electronic Filings Related to Matters Referred to the United States Magistrate Judge - see order for specifics. (Signed by Magistrate Judge Irma C Ramirez on 2/11/2008) (mfw) (Entered: 02/13/2008) |
| 02/23/2008 | ●4 | Order and Notice of Deficiency that plaintiff(s) has 30 days to cure the following deficiency: Failure to comply with this order may lead to dismissal for failure to prosecute pursuant to FRCvP 41(b). (See ORDER for specifics). (Signed by Magistrate Judge Irma C Ramirez on 2/23/2008) (mfw) (Entered: 02/25/2008) |

| 03/04/2008 | ❂5 | Correspondence filed by Anthony Keyter. (twd) (Entered: 03/04/2008) |
| 03/06/2008 | ❂ | Receipt of payment for Filing Fee. $350.; Receipt # DS 019873. (axc) (Entered: 03/06/2008) |
| 03/06/2008 | ❂6 | Ex Parte Motion for Due Process of Law by Anthony Keyter. (mfw) (Entered: 03/10/2008) |
| 03/17/2008 | ❂7 | AMENDED COMPLAINT against United States of America filed by Anthony Keyter. (mfw) (Entered: 03/17/2008) |
| 04/08/2008 | ❂8 | ORDER OF TRANSFER: IT IS HEREBY ORDERED that this action is TRANSFERRED to the United States District Court for the Western District of Washington. (Signed by Magistrate Judge Irma C Ramirez on 4/8/2008) (mfw) (Entered: 04/08/2008) |
| 04/08/2008 | ❂ | Interdistrict Transfer to United States District Court for the Western District of Washington (mfw) (Entered: 04/08/2008) |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

ANTHONY KEYTER,                     )
        Plaintiff,                )
vs.                                 )          No. 3:08-CV-0260-O (BH)
                                    )                   ECF
UNITED STATES OF AMERICA,           )          Referred to U.S. Magistrate Judge
        Defendant.                )

## ORDER OF TRANSFER

Pursuant to the provisions of 28 U.S.C. § 636(b), and an Order of the Court in implementation thereof, subject cause has previously been referred to the United States Magistrate Judge. Further, by virtue of Amended Miscellaneous Order No. 6 entered by the judges of this Court on May 5, 2005, the undersigned is authorized to transfer actions brought by "prisoners, persons proceeding *pro se*, or persons seeking leave to proceed *in forma pauperis*" to the proper or more appropriate district or division.

## I. BACKGROUND

Based upon a letter received February 11, 2008, the Court opened the instant pro se action against the United States of America. Plaintiff Anthony Keyter, a resident of Gig Harbor, Washington,[1] therein indicated that he wanted to file criminal complaints against numerous individuals. Because there is no constitutional right to have someone criminally prosecuted, *see Oliver v. Collins*, 914 F.2d 56, 60 (5th Cir. 1990), the Court liberally construed the letter/complaint as an unspecified civil action against the United States.

On February 23, 2008, the Court noted several deficiencies with the letter/complaint and directed Plaintiff to correct them within thirty days. On March 6, 2008, Plaintiff corrected two

---

[1] Gig Harbor is located in Pierce County, which is in the Western District of Washington. *See* 28 U.S.C. § 128(b).

Certified a true copy of an instrument
on file in my office on 4/8/2008
Clerk, U.S. District Court,
Northern District of Texas
By _____ Deputy

deficiencies by submitting a Civil Cover Sheet and paying the $350.00 filing fee for this civil action. The Civil Cover Sheet lists the United States of America as the only defendant and characterizes the action as "Other Civil Rights." On March 17, 2008, Plaintiff corrected other deficiencies by filing an Amended Complaint against the United States of America. Plaintiff therein asserts that this Court has jurisdiction over this action under 28 U.S.C. §§ 1331, 1361, and 1367. He contends that he is entitled to relief because the government has violated and suppressed his constitutional rights, transgressed the law, seized property, and denied him due process and protection of laws. He alleges twenty-two causes of harm and suffering inflicted upon him, including failures to abide by the Constitution; slander; destruction of career and livelihood; intimidation; retaliation; stalking by government assassins; and conspiracy to kidnap and murder him. As relief he seeks: (1) an order to compel the United States to address and terminate an alleged insurrection and conspiracy being perpetrated by some of its officers; (2) an order to compel the United States to address and terminate alleged treason and other subversive acts being perpetrated by its officers; (3) an order to compel the United States to address an alleged conspiracy to murder Plaintiff; and (4) monetary damages for "harm, loss, and suffering caused to the Plaintiff." Alternatively, Plaintiff asks the Court to "deal with the crimes" in accordance with Fed. R. Crim. P. 4 and 41 and federal criminal statutes 18 U.S.C. §§ 4, 2382, 3041. Plaintiff's amended complaint presents an issue of venue that warrants initial consideration.

## II. VENUE

Plaintiff brings this suit against the United States pursuant to 28 U.S.C. §§ 1331, 1361, and 1367. The general venue provisions of 28 U.S.C. § 1391 provide the basis for determining the proper venue for Plaintiff's claims. Section 1391(e) provides in pertinent part:

2

> A civil action in which a defendant is an officer or employee of the United States or any agency thereof acting in his official capacity or under color of legal authority, or any agency of the United States, or the United States, may, except as otherwise provided by law, be brought in any judicial district in which (1) a defendant in the action resides; (2) a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) the plaintiff resides, if no real property is involved in the action.

Based on § 1391(e), and upon consideration of the amended complaint of Plaintiff, venue does not lie in the Northern District of Texas.[2] *See Outlaw v. Connett*, 454 F.2d 719, 720 (5th Cir. 1972) (per curiam) (recognizing that a mandamus action cannot be maintained under § 1391(e) "in the Northern District of Texas where neither of the parties resides nor the cause of action arose"). The most appropriate forum appears to be the Western District of Washington where a substantial part of the events or omissions giving rise to Plaintiff's claims arose. Plaintiff also resides there.

Section 1406(a) of Title 28 of the United States Code grants the Court discretionary authority to transfer cases filed in the wrong division or district to cure a defect in venue, but only if it is in the interest of justice to make such a transfer.[3] Courts may transfer a case *sua sponte. Mills v. Beech Aircraft Corp., Inc.*, 886 F.2d 758, 761 (5th Cir. 1989); *Caldwell v. Palmetto State Sav. Bank*, 811 F.2d 916, 919 (5th Cir. 1987). They have broad discretion in determining the propriety of a transfer. *Balawajder v. Scott*, 160 F.3d 1066, 1067 (5th Cir. 1998).

---

[2] Because the United States is the sole defendant named in this action and because Plaintiff seeks monetary damages for various alleged wrongs, it is at least plausible that 28 U.S.C. § 1346(b) and the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 2671 through 2680, provide a jurisdictional basis for this action. Section 1402(b) provides that FTCA claims must be brought "in the judicial district where the plaintiff resides or wherein the act or omission complained of occurred." The Northern District of Texas is not such judicial district. Consequently, even if Plaintiff's action is construed as an FTCA action, venue is not proper in this district.

[3] Although § 1406(a) directs the courts to dismiss an action filed in the wrong venue unless the interests of justice warrant a transfer, it does not specifically provide for *sua sponte* dismissal of an action for improper venue. Courts considering the propriety of *sua sponte* dismissal are divided. *See Automobile Mechanics Local 701 Welfare & Pension Funds v. Vanguard Car Rental USA, Inc.*, 502 F.3d 740, 746 (7th Cir. 2007) (listing cases on both sides of issue).

3

Under the circumstances of this case, the interests of justice favor transferring the action to the district where a substantial part of the events or omissions giving rise to Plaintiff's claims arose and where he resides; the alleged facts show no connection whatsoever to the Northern District of Texas.

For the foregoing reasons, **IT IS HEREBY ORDERED** that this action is **TRANSFERRED** to the United States District Court for the Western District of Washington.

**SIGNED** this 8th day of April, 2008.

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

4